UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAVARIS WILLIAMS, | Case No. 19-10049 |
| Plaintiff | Sean F. Cox |
| v. | United States District Judge |
| COUNTY OF SAGINAW, *et al.*, | Stephanie Dawkins Davis |
| | United State Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41(B) DISMISSAL OF
"MUNICIPAL GOVERNMENTAL ENTITIES"**

**I.   PROCEDURAL HISTORY**

Plaintiff Tavaris Williams filed this *pro se* prisoner's civil rights complaint on January 7, 2019.  (ECF No. 1).  On April 8, 2019, District Judge Sean F. Cox referred all pretrial matters to the undersigned.  (ECF No. 11).

Williams has named "Municipal Governmental Entities" as a defendant in this matter.  (ECF No. 1).  On May 9, 2019, the Court ordered Williams to identify the "Municipal Governmental Entities" defendant by his/her full name and supply the Court with the necessary address by June 10, 2019.  (ECF No. 17).  The Court reminded Williams that:

> An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving him or her a summons and copy of the

1

> complaint. Where, as here, a plaintiff is proceeding without prepaying the filing fee, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint.

(ECF No. 17, PageID.68). The Court also cautioned Williams that "if the Marshal is unable to effectuate service on this defendant with the information thus far provided, the onus remains on plaintiff to discover and submit sufficient information for service of all defendants he has named in this lawsuit." (*Id.* at PageID.69).

On June 7, 2019, Williams filed a Response to the Court's Order. In his Response, Williams continued to identify this defendant as "Municipal Governmental Entities." (ECF No. 24). He provided an address that he purports to be for Saginaw City Hall. (*Id.*) Yet, Williams has failed to specify a discrete individual or entity to be served. As it stands, the Court is unable to serve the "Municipal Governmental Entities." As such, on July 22, 2019, the Court issued an Order to Show Cause, mandating that Williams show cause in writing on or before August 21, 2019 as to why the undersigned should not recommend that his complaint be dismissed due to his failure to comply with the Court's May 9, 2019 Order. (ECF No. 26). Alternatively, the Court instructed Williams to "provide the correct name(s) and address(es) of defendant 'Municipal Governmental Entities,' with specificity," by August 21, 2019. (*Id.* at PageID.84). The Court warned that **"[f]ailure to timely or adequately respond in writing to this Order will result**

**in a recommendation that the matter be dismissed under Rule 41(b) as to this defendant."** (*Id.*)

As of the date of this Report and Recommendation, Williams has not filed a response to the order to show cause, nor has he provided this Court with the name(s) or specific identity(ies) of the "Municipal Governmental Entities." Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that Williams' complaint be **DISMISSED** with prejudice as to the "Municipal Governmental Entities" defendant pursuant to Federal Rule of Civil Procedure 41(b).

## II.     ANALYSIS AND CONCLUSION

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the district court bears the responsibility of issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. Federal Rule of Civil Procedure 4(m) provides that defendants must be served within 90 days after the complaint is filed unless the court orders otherwise.

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

4

Failure to identify and serve the "Municipal Governmental Entities" defendant(s) (or provide the name(s) or specific identity(ies) for these defendants to the U.S. Marshals Service to permit it to effectuate service), constitutes failure to prosecute and warrants a dismissal of this case under Rules 4(m)[1] and 41(b). *Miller v. Michigan Dep't of Corrections Healthcare Providers*, 986 F. Supp. 1078, 1079 (W.D. Mich. 1997); *see also Pravda v. City of Albany*, 178 F.R.D. 25, 26 (N.D.N.Y. 1998). Indeed, "[i]n general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001); *Burnett v. Marschke*, 2010 WL 502712, at *3 (W.D. Mich. Feb. 5, 2010) ("[t]he use of fictitious names of Jane and John Doe is permitted only in limited circumstances" and determining from the case law that such circumstances require "at least one named party and discovery from that party [that] may eventually allow the true identity of the Jane or John Doe to be discovered"). Here, despite multiple warnings from this Court, Williams has not attempted to identify, with specificity, the name(s) of the "Municipal Governmental Entities."

---

[1] While Rule 4(m) provides for a dismissal without prejudice where a plaintiff fails to serve a defendant within the proscribed time, because Williams' actions/inaction satisfy the additional considerations necessary to an analysis under Rule 41(b), here a dismissal with prejudice is appropriate pursuant to the latter.

5

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The balance of these factors weigh in favor of dismissal as to the "Municipal Governmental Entities." First, fault lies with Williams for his failure to identify and cause proper service on the "Municipal Governmental Entities" defendant(s). This matter has been pending for ten months and Williams has made no serious attempt to identify, name, or serve the "Municipal Governmental Entities." While the court does not conclude that Williams' conduct was calculated to "thwart judicial proceedings" as referenced in *Wu*, 420 F.3d at 643, it is not inaccurate to characterize Williams' inaction to be in reckless disregard of its effect on these proceedings – including decreasing judicial economy. *Id.* Second, even if the "Municipal Governmental Entities" defendant were to be identified at this point, the ten-month lapse of time since the filing of this matter and the nearly two-year period since the underlying facts at issue arose has likely adversely impacted the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence

potentially necessary for a robust defense. Third, the Court warned Williams multiple times in writing that it would order the dismissal of the "Municipal Governmental Entities" if he failed to provide the Court with the defendant(s)' full name(s) or specific identity(ies). (ECF Nos. 17, 26). Indeed, this court has regularly dismissed cases under Rule 41(b) in instances where a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See, e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. Feb. 12, 2013). As to the fourth factor, the Court already utilized less drastic measures in an effort to coax Williams into compliance when it issued its May 9, 2019 Order and the Order to Show Cause. However, the Court's efforts have been largely fruitless; Williams' response left the subject defendant(s) nameless and not otherwise meaningfully identified. For these reasons, all four factors weigh in favor of dismissal as to the "Municipal Governmental Entities" for failure to prosecute.

It has been recognized that in general "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a

7

*pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. Aug. 22, 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). For instance, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding her current address. *Watsy v. Richards*, 1987 WL 37151 (6th Cir. April 20, 1987). Here, Williams has deprived the court and the parties of the identity of one or more defendants he is seeking to hold accountable for alleged wrongs – an untenable prospect under the circumstances.

Therefore, the court concludes, for the reasons discussed above, that Williams has apparently abandoned his claims against the "Municipal Governmental Entities" by repeatedly failing to comply with orders of the Court and by otherwise failing to provide the Court with the name or specific identity of

this "defendant." To underscore, it is the plaintiff's burden to specifically identify each defendant against whom relief is sought. Williams has had ten months to identify who or what comprises "Municipal Governmental Entities", yet he has not done so. Under these circumstances, dismissal as to the "Municipal Governmental Entities" is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Williams' complaint as to the "Municipal Governmental Entities" be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b).

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 21, 2019                     s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on October 21, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to following non-ECF participant: Tavaris Williams #144245, Saginaw County Jail, 208 S. Harrison St., Saginaw, MI 48602.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7887
                                           tammy_hallwood@mied.uscourts.gov