UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAVARIS WILLIAMS,                                Case No. 19-10049

          Plaintiff,                              Sean F. Cox
v.                                               United States District Judge

SAGINAW COUNTY JAIL, *et al.*,                   Michael J. Hluchaniuk
                                                 United States Magistrate Judge

          Defendants.
_____/

## REPORT AND RECOMMENDATION:
## RULE 41B DISMISSAL AND MOTION TO DISMISS (ECF No. 32)

## I.    PROCEDURAL HISTORY

Plaintiff filed this *pro se* civil rights complaint on January 7, 2019.   (ECF No. 1).   On November 20, 2019, defendants filed a motion to dismiss or for summary judgment.   (ECF No. 32).   On November 25, 2019, the Court ordered plaintiff to respond to the motion by January 6, 2020.   (ECF No. 33).   In that Order, the Court warned plaintiff that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**."   The order requiring a response was served on plaintiff at the address listed on file with the Court.   On December 11, 2019, the Court received notice that the order requiring a response to the motion for summary judgment was returned as "undeliverable."   (ECF No. 36).   Given that plaintiff failed to keep his

1

address updated and having not received plaintiff's response to the motion to dismiss, the Court issued a second order requiring plaintiff to show cause by February 21, 2020, why this matter should not be dismissed.   (ECF No. 39).   The Court warned that "**Failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this matter be dismissed under Rule 41(b).**"   The order to show cause was served on plaintiff at the address listed on file with the Court.   However, the order to show cause was returned as "undeliverable" on February 6, 2020.   (ECF No. 42).   A number of other filings have also been returned as "undeliverable."   (*See* ECF Nos. 34, 35, 41).

As of the date of this Report and Recommendation, plaintiff has not filed a response to either the court's order requiring a response to the motion to dismiss or to the order to show cause, nor has he provided an updated address. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that defendants' motion to dismiss or for summary judgment be **TERMINATED** as moot.

## II.   ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.   *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.

Appx. 294, 296 (6th Cir. 2001).   Indeed, the "authority of a federal trial court to

dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot

seriously be doubted."   *Link*, 370 U.S. at 629.   "The power to invoke this sanction

is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts."   *Link*, 370 U.S. at

629-630.   "[D]istrict courts possess broad discretion to sanction parties for failing

to comply with procedural requirements."   *Tetro v. Elliott Popham Pontiac*,

*Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999),

citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).   Further, "a district

court can dismiss an action for noncompliance with a local rule ... if the behavior

of the noncomplying party rises to the level of a failure to prosecute under Rule

41(b) of the Federal Rules of Civil Procedure."   *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a

district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad
> faith, or fault; (2) whether the adversary was prejudiced
> by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate
> could lead to dismissal; and (4) whether less drastic
> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v.*

*American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).   On balance, these factors weigh in favor of dismissal here.   With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."   *Id*.   Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."   *Id*.   For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal.   This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.   *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.   *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v.*

*Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address.").

Importantly, despite the court's warnings that defendants' motion to dismiss or for summary judgment may be granted and that his action may be dismissed, plaintiff failed to respond to either of the courts' orders.   (ECF Nos. 33, 39).   The court clearly warned plaintiff that a failure to respond to the motion to dismiss or for summary judgment may result in sanctions, including granting all or part of the relief requested by defendants.   (ECF No. 33).   After the order requiring response was returned as "undeliverable," the Court ordered plaintiff to show cause why the action should not be dismissed for failure to keep his addressed updated.   In the order to show cause, the Court warned that "**Failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this matter be dismissed under Rule 41(b).**"   (ECF No. 39).   Despite these clear warnings, plaintiff has provided no good reason why the undersigned should not dismiss the complaint.   *See Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's failure to respond to the court's order to show

cause, the undersigned sees no utility in considering or imposing lesser sanctions.

Thus, taken together, these factors support dismissal for failure to prosecute.   It is

true that "district courts should be especially hesitant to dismiss for procedural

deficiencies where, as here, the failure is by a *pro se* litigant."   *White v. Bouchard*,

2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84

F.3d 532, 535 (2d Cir. 1996)).   However, "dismissal is appropriate when a *pro se*

litigant has engaged in a clear pattern of delay."   *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991).   Indeed, a *sua sponte* dismissal may be justified by a

plaintiff's "apparent abandonment of [a] case."   *White*, 2008 WL 2216281, at *5

(citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also*

*Labreck* 2013 WL 511031, at *2; *McMillian v. Captain D's*, 2007 WL 2436668, at

*2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because

of plaintiff's failure to respond despite being advised of the applicable procedures

and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff

has effectively abandoned his case by failing to file a response to the motion to

dismiss or for summary judgment as ordered, for failing to provide a current

address to the Court, and for failing to comply with the show cause order of the

Court.   Under these circumstances, dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), and that defendants' motion to dismiss or for summary judgment be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   March 2, 2020                          s/Michael J. Hluchaniuk
                                               Michael J. Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 2, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant, at the following address: Tavaris Williams #144245, Saginaw County Jail, 208 S. Harrison St., Saginaw, MI   48602.

s/Durene Worth
Case Manager
(810) 341-7881
durene_worth@mied.uscourts.gov